UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADUAN BROWN,<br>Plaintiff,<br>v.<br>MARISCAL, *et al.*,<br>Defendants. | Case No. 1:26-cv-01008-FJS (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(ECF No. 8)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

Plaintiff LaDuan Brown ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The court has not yet screened the complaint.

On June 11, 2026, Plaintiff filed a motion for a preliminary injunction. (ECF No. 8.) In the motion, Plaintiff requests a preliminary injunction against "unknown Kern Valley State Prison" officials and all defendants "to prevent further irreparable harm, retaliation, murder, and attempted murder against Plaintiff." (*Id.* at 1.) Plaintiff does not otherwise specify what injunctive relief he seeks. Plaintiff argues that a preliminary injunction is necessary because the unknown Kern Valley State Prison ("KVSP") officials are utilizing unlawful cellphones and virtual reality to retaliate against Plaintiff for litigating this action. Plaintiff includes a lengthy recitation of the alleged harms inflicted and attempted by these unknown individuals, against Plaintiff and "all

citizens of society," including blackmailing Plaintiff's friends, family, and potential employers, controlling the bodies or minds of individuals to force them to perform actions ranging from crashing their own cars to committing rape, directly inflicting physical harm to Plaintiff, and hacking into Plaintiff's cell phone to steal his money. (*See* ECF No. 8.)

## I. MOTION FOR PRELIMINARY INJUNCTION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

## II. DISCUSSION

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As noted above, the court has not yet screened the complaint. As such, this action does not yet proceed on any cognizable claims, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the court at this time lacks personal jurisdiction over any named defendants or other individuals who might be involved in the allegations set forth in Plaintiff's motion. The court further notes that Plaintiff specifically requests a preliminary injunction against "unknown" KVSP officials, and the court cannot determine at this time whether it may exercise jurisdiction over such a broad and unspecified group of individuals. Moreover, Plaintiff's motion for preliminary injunction is directed at unknown KVSP officials, but the complaint names thirty-one defendants, only three of whom are employed at KVSP. (ECF No. 1 at 4–7.)

Finally, Plaintiff's motion fails to specify what relief is sought. Pursuant to the Prison Litigation Reform Act, any relief granted must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff's motion does not provide any information as to the scope or type of relief Plaintiff seeks, and the court cannot simply grant a request for unspecified and unlimited injunctive relief.

## III. ORDER AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 8), be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **August 14, 2026**

UNITED STATES MAGISTRATE JUDGE